**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CRAIG STIFF                                                                                        PLAINTIFF

v.                                            5:09-cv-00092-DPM-JTK

ROBERT F. MOREHEAD, et al.                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

1

other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

This matter is before the Court on the Motions to Dismiss filed by Defendants City of

Dermott and Phillips (Doc. Nos. 35, 71), and on Plaintiff's Motion for Summary Judgment against

the Estate of Leonard C. Richardson (Doc. No. 56).   Plaintiff filed Responses to the Defendants'

Motions (Doc. Nos. 40, 72), and the parties submitted additional briefs in support of their respective

positions, pursuant to the Court's May 20, 2010 Order (Doc. Nos. 63, 64).   In addition, this Court

conducted a Hearing on the Motions to Dismiss on December 9, 2010 and December 15, 2010, at

which times the parties presented testimony and evidence in support of their positions.

Plaintiff Craig Stiff is a former state inmate who originally filed this action pro se pursuant

to 42 U.S.C. § 1983 against Defendants Morehead and Phillips (Doc. Nos. 1, 7), based on an

incident which occurred during his incarceration at the Dermott City Jail in August, 2005.

Defendant Morehead was dismissed from Plaintiff's Complaint for failure to state a claim, by Order

dated June 8, 2009 (Doc. No. 8).  This Court appointed counsel to represent Plaintiff by Order dated

November 4, 2009 (Doc. No. 27), and counsel filed an Amended Complaint on Plaintiff's behalf

adding as Defendants the City of Dermott and the Estate of Leonard C. Richardson (Doc. No. 30).[1]

According to that Amended Complaint, on August 13, 2005, Defendant Phillips, a Dermott police officer, forced Plaintiff to ingest crack cocaine and whiskey while he was incarcerated in the Dermott City Jail.   Plaintiff became ill and was transported by ambulance to McGehee-Desha County Hospital, and later to the Jefferson Memorial Hospital in Pine Bluff.   Plaintiff suffered severe chest pains, emotional distress, nervousness, headaches, vision problems, and other complications as a result of the incident.  In addition to the federal civil rights claim, Plaintiff asserts state law claims of negligence, false imprisonment, battery, and outrage, together with claims pursuant to the Arkansas Civil Rights Act, ARK. CODE ANN. § 16-123-101 et seq., and ARK. CODE ANN. § 16-118-107, based on injuries suffered as a result of Defendants' felonious conduct. Plaintiff seeks monetary relief from the Defendants.

## II.    Motions to Dismiss

### A.    Defendants' Motions

In their Motions, Defendants City of Dermott and Phillips state Plaintiff's Amended Complaint should be dismissed because his § 1983 claim is barred by the statute of limitations applicable to that action.   While § 1983 itself does not contain a limitations provision, actions filed pursuant to that statute are construed as personal injury claims and are governed by the personal injury statute in the state where the injury occurred.  Morton v. City of Little Rock, 934 F.2d 180, 182 (8th Cir. 1991).   In Arkansas, the personal injury statute of limitations period is three years. ARK. CODE ANN. § 16-56-105(3).  Defendants states this statute applies to the present action, where the incident at issue occurred on August 13, 2005, but where the Original Complaint was not filed

---

[1] Leonard C. Richardson was the Dermott Chief of Police in August, 2005.

until March 24, 2009.  Since Plaintiff filed his federal claim over seven months beyond the statutory period, Defendants state both his federal claim and his supplemental state law claims should be dismissed, <u>citing</u> <u>Wilman v. Heartland Hospital East</u>, 34 F.3d 605, 613 (8th Cir. 1994).

**B.     Plaintiff's Response**

In his Response, Plaintiff admits filing the Complaint outside the statutory period, but states the limitations period should be equitably tolled, because he exercised reasonable diligence in pursuing his rights by hiring attorney Morehead to represent him in his lawsuit against Defendants. Plaintiff states he could not communicate with Morehead while imprisoned, and reasonably believed Morehead was pursuing his cause of action on his behalf.   However, as soon as he realized Morehead did not file a case on his behalf, Plaintiff states he promptly acted to file his Complaint in March, 2009.

Plaintiff also states the fact of his imprisonment should act to toll the statute of limitations, citing numerous state statutes which provide a personal disability for prisoners during on their incarceration.[2]  Plaintiff states the Court should grant him a disability for imprisonment in his § 1983 claim, as state prisoners in other jurisdictions are entitled. He also states during his incarceration he was housed at multiple units and did not have access to adequate legal resources to assert his claims. Finally, Plaintiff asks the Court to exercise its supplemental jurisdiction to retain the state law claims.

---

[2]In support, Plaintiff cites the following statutes: CAL. C.C.P. CODE Sect. 352.1; DEL. CODE ANN. Tit. 10, Sect. 8116; D.C. CODE ANN. Sect. 12-302; HAW. REV. STAT. ANN. Sect. 657-34; IDAHO CODE Sect. 5-213; KAN. STAT. ANN. Sect. 60-515; ME. REV. STAT. ANN. Tit. 14, Sect. 853; N.D. CENT. CODE Sect. 28-01-25; NEV. REV. STAT. ANN. 11.250; S.D. CODIFIED LAWS Sect. 15-3-14; VA. CODE ANN. Sect 8.01-229; WASH. REV. CODE ANN. Sect. 4;16.190.

### C.        Defendants' Supplemental Brief (Doc. No. 63)

In response to the Court's May 20, 2010 Order (Doc. No. 43), the parties submitted additional briefs addressing the equitable tolling issue.   Defendants state Arkansas and Eighth Circuit law does not provide for equitable tolling based solely on one's period of incarceration, and cites Baker v. Norris, where the Eighth Circuit Court of Appeals held that an Arkansas inmate's lack of access to the prison library did not equitably toll the limitations period. 321 F.3d 769, 771-2 (2003).  Defendants also state Plaintiff cannot assert the negligence of his attorney as an excuse to support tolling of the statute, citing Stracener v. Williams, 84 Ark. App. 208, 137 S.W.3d 428 (2003).

In order to support a claim for equitable tolling, Defendants state Plaintiff must show that he pursued his rights diligently and some extraordinary circumstances existed which caused a delay in his timely filing, citing United States v. Martin, 408 F.3d 10879, 1093 (8th Cir. 2005). Defendants state that even if Plaintiff can show Morehead acted negligently, he cannot show he pursued his rights diligently or that extraordinary circumstances existed to cause the delay. Defendants also attach the affidavit of Mr. Morehead, who states Plaintiff hired him to represent him on criminal drug charges, but that he never accepted an offer to represent Plaintiff an a civil suit against the City of Dermott. (Doc. No. 63-2).   In addition, Defendants note that the complaint filed by Plaintiff against Morehead with the Arkansas Supreme Court Office of Professional Responsibility was dismissed after finding an insufficient basis for a formal complaint. (Document filed under seal).  Defendants state Plaintiff does not provide a copy of a payment agreement or any other contract which establishes that Morehead agreed to file a civil suit on his behalf.

### D.        Plaintiff's Supplemental Brief (Doc. Nos. 64-65)

Plaintiff states in an Affidavit that he acted diligently because he believed he hired attorney

Morehead to represent him, based on a meeting held between Morehead, Plaintiff, and Plaintiff's mother, Denise Bailey, and based on a fee paid to Morehead.  (Doc. No. 64-1).  In addition, while incarcerated, Plaintiff states he was not able to communicate with Morehead, did not have access to adequate law library facilities, and relied on Morehead to represent him.  Plaintiff states these constitute extraordinary circumstances to support tolling of the statutory period.  Plaintiff states his claim that his attorney failed to follow a requested course of action should warrant equitable tolling, citing United States v. Griffin, 58 F.Supp.2d 863 (N.D.Ill. 1999).  Plaintiff also states all his causes of action should be tolled, and reiterates his prior argument that his imprisonment should toll the statute, citing the statutes of numerous other states in support.

### E.      Hearing

Based on the parties' supplemental briefs, the Court conducted a Hearing to review testimony

and evidence concerning the equitable tolling issue.

#### 1.      Plaintiff Craig Stiff

Stiff testified that he visited Morehead at his office with his mother (Denise Bailey) on August 14, 2005.  At that time Ms. Bailey paid Morehead's secretary $500 as a partial payment for Morehead's representation.  Although he did not personally talk with Morehead on that date, since he was still nauseated, he overheard the conversation between Morehead and Ms. Bailey.  In addition, Ms. Bailey told him the case would cost between $1,200 and $1,500.  Morehead also told him it would take one to two years to file the civil lawsuit.

The next time he saw Morehead was on September 19, 2005, when he appeared in court on a first appearance for criminal charges filed against him.  Although a public defender, Mr. Mazanti,

previously was appointed to represent Plaintiff, he stated Morehead told him he would handle everything because he was handling his civil suit.  Morehead failed to show for Plaintiff's next court appearance on October 31, 2005, and was held in contempt.  (Plaintiff Ex. 1).

Plaintiff entered into a plea agreement on January 9, 2006, with respect to several pending criminal charges.  (Phillips Ex. 1).  Morehead was present to advise Plaintiff, and Plaintiff testified he never would have accepted the plea, except for Morehead's assurance that he would handle Plaintiff's civil suit.   Plaintiff stated Morehead never contacted him or visited him while he was incarcerated, from January 2006 until January 2010.   While in prison, Plaintiff stated he had no need to visit the law library and did not have time in his daily schedule.  However, after he received a letter from Ms. Bailey in January, 2009, telling him Morehead was not pursuing the case, he then tried to find someone in the law library to help him.  He filed a complaint with the Arkansas Supreme Court Committee on Professional Conduct on January 29, 2009 (Plaintiff Ex. 2), and filed the present complaint in federal court on March 24, 2009 (Plaintiff Ex. 5).  Plaintiff was released from incarceration on January 13, 2010.

### 2.   Denise Bailey

Plaintiff's mother, Denise Bailey, testified she contacted Morehead by telephone following the August 13, 2005 incident, and visited him in his office with Plaintiff the day after Plaintiff was released from the hospital.   At that time, a court-appointed public defender, Mr. Mazanti, represented Plaintiff on his criminal charges.  At Morehead's office, she spoke with him about filing a lawsuit against the Dermott police department, and paid Morehead's secretary $500.   She stated she cannot find the receipt she received for this payment, and that Morehead told her the case would cost approximately $1,200 to $1,500.   Morehead said he would close out Plaintiff's criminal case,

and then would get started on the civil case.   Morehead told her to collect all the information she could, such as hospital statements and newspaper clippings about the incident, and she later furnished this information to Morehead.

Bailey testified that Morehead was not present at the September 2005 hearing, although she reviewed the Record of First Judicial Appearance, dated September 19, 2005, which listed Morehead present as Plaintiff's attorney.  (Plaintiff Ex. 4).   Morehead did appear at Plaintiff's January 2006 hearing, at which time he stated he would file the civil law suit.   Ms. Bailey testified she paid Morehead an additional $300 to $400 in cash during one of the state court appearances, and later stated the only receipt for money paid was for $200 paid to Morehead after one of those hearings. (Plaintiff Ex. 3).   She stated the money paid to Morehead was not for the criminal representation of Plaintiff, but to file the civil matter.  During the time of Plaintiff's incarceration, Ms. Bailey called Morehead's office on numerous occasions to check on the status of the law suit.[3]  Sometimes she talked with a secretary who stated Morehead was handling the matter, and another time she spoke with Morehead's son.  She stated no one ever told her a lawsuit had not been filed.  Finally, in January, 2009, after hearing some rumors, she called Morehead and he told her he had to step down from the case.  She immediately wrote Plaintiff and encouraged him to not give up on the lawsuit.

### 3.    Robert Morehead[4]

Morehead recalls representing Plaintiff on drug charges five or six years ago, and denies ever

---

[3]On cross-examination, Bailey admitted that she did not include this information in her Affidavit which was submitted in support of Plaintiff's supplemental brief.  (Doc. No. 64-2).

[4] Morehead did not appear at the December 9, 2010 hearing, despite receiving a subpoena from Defendants.  The Court granted Defendants' Motion to Continue the Hearing to December 15, 2010, at which time Morehead appeared to testify in response to the re-issuance of their subpoena.  Plaintiff objected to the continuance.

8

agreeing to represent Plaintiff in his civil lawsuit against the City of Dermott. Morehead stated he recalled Ms. Bailey and Plaintiff coming to his office to talk about the incident, but that his response to Plaintiff was that the criminal matter was his primary concern. He did agree to talk with them about the civil matter at a later date, if sufficient evidence developed which was independent of the different versions of the events set forth by the Plaintiff and Defendant Phillips. He also denied entering Plaintiff's plea in the criminal case in exchange for representing him in the civil case, stating that would be setting himself up for malpractice and as a basis for Plaintiff setting aside the criminal plea agreement.

Morehead stated he does not possess any records concerning Plaintiff or his criminal matter, because many of his records were destroyed in 2009 when his office flooded after his roof caved in. He did refer to the Plaintiff's January 9, 2006 plea agreement, stating he obtained a copy of it from the Desha County courthouse. He acknowledges receiving telephone calls from Ms. Bailey after Plaintiff went to the ADC, but stated he never agreed to file a civil action on Plaintiff's behalf.

On cross examination, Morehead admitted being admonished on at least nine occasions during his years in legal practice, but stated he was unaware of a complaint filed against him by Plaintiff, and was not contacted by the Committee on Professional Conduct concerning that complaint. Plaintiff also submitted a transcript of the January 9, 2006 plea hearing and questioned Morehead about a statement he made to the Judge in that case: "It started out, the discussion involved a civil matter. I did agree that if we could get this matter passed at his first appearance, that I would take on the obligation." (Phillips Ex. 2, p. 4). Morehead clarified that when he made that statement he was referring to Plaintiff's criminal case as the "obligation."

F.      Analysis

1.      Equitable Estoppel

Having reviewed the case law and the testimony and exhibits presented by the parties, the Court finds that collateral estoppel should not apply to this case and that Plaintiff's Complaint against Defendants should be dismissed as time-barred.

As noted above, the statute of limitations applicable to actions filed pursuant to 42 U.S.C. § 1983 is the applicable state statute for personal injury and negligence actions. Morton v. City of Little Rock, supra.  Under Arkansas law, the personal injury statute of limitations is three years. ARK CODE ANN. § 16-56-105.  The parties do not dispute that Plaintiff did not file his Original Complaint within that statute, because the incident at issue occurred on August 13, 2005 and Plaintiff did not file his Complaint until March 24, 2009.

"Courts generally require strict compliance with a statue of limitations and rarely invoke doctrines such as equitable tolling to alleviate a plaintiff from a loss of his right to assert a claim." Pecoraro v. Diocese of Rapid City, 435 F.3d 870, 875 (8th Cir. 2006), citing Dakota Truck Underwriters v. S.D. Subsequent Injury Fund, 689 N.W.2d 196, 202 (S.D. 2004).   Arkansas also recognizes the doctrine of equitable tolling, but only when a litigant shows his actions were "reasonably diligent."  Stracener v. Williams, supra, 84 Ark App. at 213, 137 S.W.3d at 431.  In addition, Arkansas does not consider imprisonment to be a disability for purposes of tolling the statute.  See Brown v. U.S., 342 F.Supp. 987, 995 (D.C.Ark. 1972), rev'd on other grounds, Brown v. U.S, 486 F.2d 284 (8th Cir. 1973).  See also ARK. CODE ANN. § 16-56-116, which provides that persons under disabilities at the time of the accrual of a cause of action are those persons under 21 years of age or insane at the time of the accrual of the cause of action.

According to <u>United States v. Martin</u>, <u>supra</u>, 408 F.3d 1089, 1093, 1095, equitable tolling should be applied only where "extraordinary circumstances" beyond a prisoner's control prevent a timely filing, and where the movant  has "demonstrated diligence in pursuing the matter."   The Court also stated that while ineffective assistance of counsel, due to negligence or mistake, generally is not considered to be an extraordinary circumstance, serious attorney misconduct may warrant equitable tolling.  In <u>Martin</u>, the plaintiff inmate hired an attorney to file a petition pursuant to 28 U.S.C. § 2255.   Inmate Martin sent the attorney a pro se § 2255 motion, together with documentation in support of the motion.  Martin's wife made approximately 40 telephone calls to the attorney to inquire about the motion and paid the attorney an additional $1,500 fee for the case. The attorney told her the motion would be filed shortly after Thanksgiving, 2002,  and a month later told her they would be in court within 60 days.  Martin himself called the attorney in December or January, 2003, asked about the motion, and was told he would see some relief in the near future. From then on until May, 2003, the attorney refused Martin's calls, refused to speak with or return calls from any of Martin's family, failed to show for two appointments with Martin's wife, and failed to return any of Martin's documentation.  The deadline for filing the motion was March, 2003. The Court held equitable tolling was supported by the attorney's actions in consistently misleading Martin, failing to communicate with Martin and his wife, failing to return numerous telephone calls from Martin's wife and failing to show for scheduled appointments, together with failing to file the § 2255 motion.

This Court finds that the facts of the present case are clearly distinguishable from that set forth in <u>Martin</u>.  First, Plaintiff Stiff does not provide any proof of an agreement or contract with attorney Morehead to  file a civil case against the City of Dermott.  Both Plaintiff and his mother,

Ms. Bailey, stated they did not possess written evidence of such an agreement.  In addition, Morehead vehemently and repeatedly denied having agreed to file such a case.  Plaintiff does not present telephone records or copies of letters which may have been sent to Morehead in support of his claim.  The chronology of the events as set forth by Plaintiff and Ms. Bailey in their testimonies also was inconsistent.  In the complaint Plaintiff filed with the Committee on Professional Conduct, he stated he hired Morehead on August 9, 2005 (prior to the August 13 incident) "to represent me on felony charges pending against me." (Plaintiff Ex. 2, p. 2).  The testimony concerning the fees allegedly paid to Morehead for either the criminal representation or civil proceeding also was not consistent.  Ms. Bailey presented one receipt, for a $200 payment to Morehead, made on August 24, 2005.  (Plaintiff Ex. 3).  However, she testified about paying him $500 initially (August 14, 2005), and $300 at a later date at one of Plaintiff's criminal hearings.  Yet she also stated the $200 payment was made after the conclusion of Plaintiff's criminal matter.

Second, Plaintiff did not exhibit what this Court would characterize as "diligence" in pursuing his case.  He admitted he did not try to contact Morehead while incarcerated, claiming he was moved to three Units in three years and did not know Morehead's address or telephone number.  However, inmates at the ADC are permitted to send and receive mail to family members and their attorneys, and also to make and receive telephone calls.  Yet Plaintiff offered no proof that he attempted to obtain Morehead's information through contacts with his mother or any other individual.  It was not until his mother wrote him in January, 2009, that Plaintiff acted to file a complaint against Morehead with the Committee on Professional Conduct, and subsequently, this federal civil rights complaint.

While the statements made by Morehead to the Judge at the January 9, 2006 plea hearing,

that he agreed to "take on the obligation" are somewhat confusing, Plaintiff provides no proof of a clear understanding between the parties that Morehead would represent him in a civil case.

### 2.    Supplemental Jurisdiction

Since this Court finds Plaintiff's federal civil rights action is barred by the statute of limitations, it declines to exercise jurisdiction of Plaintiff's supplemental state law claims. According to 28 U.S.C. § 1367(c)(3), a federal court has discretion to decline jurisdiction over supplemental state claims when the "district court has dismissed all claims over which it has original jurisdiction." See also McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir. 1994).[5]

### 3.    Plaintiff's Summary Judgment Motion

Plaintiff moves for summary judgment on his claim against the Estate of Leonard C. Richardson, based on the answer filed by the Special Administrator stating, "I have no defense or facts to this complaint."   However, because this Court finds that Plaintiff's Complaint was not timely filed and therefore is barred by the statute of limitations,  Plaintiff's Summary Judgment Motion also should be denied.

## III.    Conclusion

Accordingly,

IT IS, THEREFORE, RECOMMENDED that:

---

[5]In addition, it appears to the Court that the Arkansas state statutes of limitations applicable to these actions may have run.  See ARK. CODE ANN. Sect. 16-56-104, which provides for a one-year statute of limitations for actions for false imprisonment and battery; ARK. CODE ANN. Sect. 16-56-105 which provides for a three-year statute of limitations for actions for negligence, outrage, and other wrongs; Medical Liability Mut. Ins. Co. v. Alan Curtis LLC, 519 F.3d 466, 474 (8th Cir. 2008), where the court noted that the statute of limitations for actions filed pursuant to ARK. CODE ANN. Sect. 16-123-105 is three years.

1.      The Motions to Dismiss filed by Defendants City of Dermott and Phillips (Doc. Nos. 35, 71) be GRANTED;

2.      Plaintiff's Motion for Summary Judgment (Doc. No. 56) be DENIED;

3.      Plaintiff's federal civil rights claim, pursuant to 42 U.S.C. § 1983, be DISMISSED with prejudice.

4.      Plaintiff's supplemental state law claims be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 21st day of December, 2010.


_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE