IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CRAIG STIFF
ADC #111330                                                                    PLAINTIFF

v.                            Case No. 5:09-cv-92-DPM

CITY OF DERMOTT d/b/a DERMOTT POLICE
DEPARTMENT; the estate of LEONARD C.
RICHARDSON; and KENNETH W. PHILLIPS,
both individually and in his official capacity                DEFENDANTS

ORDER

The Court has considered Magistrate Judge Jerome T. Kearney's Proposed Findings and Recommendations, *Document No. 78*, and Craig Stiff's objections, *Document No. 79*. After *de novo* review, the Court adopts Judge Kearney's recommended disposition and adds some clarifications, prompted largely by Stiff's post-recommendation filing. FED. R. CIV. P. 72(b)(3).

1. Everyone agrees that Stiff did not file his lawsuit within the applicable three-year statute of limitations. Stiff must therefore prove by a preponderance of the evidence that the statute was tolled. *Paine v. Jefferson National Life Insurance Co.*, 594 F.3d 989, 992 (8th Cir. 2010). And

demonstrating equitable tolling, as Magistrate Judge Kearney noted, is hard for Stiff or any party to do. *E.g. United States v. Martin*, 408 F.3d 1089, 1093–95 (8th Cir. 2005). The Magistrate Judge correctly moved beyond the pleadings and tried the equitable-tolling issue, which the Rules allow. FED. R. CIV. P. 42(b).

**2.** In his objections, Stiff urges the Court to make specific findings of fact about each instance where the Arkansas Supreme Court Committee on Professional Conduct admonished Morehead, Stiff's former lawyer. But this specificity is unnecessary in resolving the equitable-tolling issue. Stiff introduced all the Committee's findings and orders as exhibits during one of the hearings. The Court does find, however, that some of Morehead's discipline involved conduct similar to Stiff's allegations here.

**3.** The Court likewise declines to supplement Magistrate Judge Kearney's proposed findings on Stiff's complaint to the Committee about Morehead. *Document No. 79, at 6.* The Magistrate Judge illustrated inconsistencies between Stiff's testimony and his Mother's (Ira Bailey) by referring to Stiff's complaint to the Committee. This reliance was helpful and correct. But the Committee's dismissal of Stiff's complaint did not drive the

equitable- tolling analysis or determine the merits of Stiff's underlying claim.

4.    The Court rejects Stiff's remaining objections, which go to Morehead's testimony and representations about Stiff's civil case. Judge Kearney thoroughly reviewed and analyzed all the testimony and exhibits. This Court has reviewed the entire record too. Stiff has failed to prove that there was a clear understanding between him and Morehead that the lawyer would represent him in a civil case. *Document No. 78, at 13*. This is a missing essential. Without that agreement, Stiff's evidence about Morehead and alleged "extraordinary circumstances" makes no legal difference. *Martin*, 408 F.3d at 1093-94. Even assuming Bailey was diligently pursuing the matter with Morehead, which the Court does not find occurred, Stiff offered no proof that he was diligently pursuing the matter with his Mother. Stiff did not tend to his potential case, either directly with Morehead or indirectly through Bailey. Stiff's lack of diligence means no equitable tolling of the statute. *Martin*, 408 F.3d at 1095.

5.    Magistrate Judge Kearney's Proposed Findings and Recommendations mention the terms "equitable estoppel" and "collateral estoppel." *Document No. 78 at 10*. This was oversight. Equitable tolling, a

different doctrine, is the fighting issue here as the Magistrate Judge's analysis reflects.

\* \* \*

Defendants' motions to dismiss, *Document Nos. 35 & 71*, are granted. Plaintiff's motion for summary judgment, *Document No. 56*, is denied. The Court dismisses Plaintiff's federal civil rights claim with prejudice. The Court dismisses Plaintiff's supplemental state-law claims without prejudice. The Court thanks Stiff's appointed counsel for their diligent and able efforts.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

22 March 2011